IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


SHERRY GAIL GIERKE                                                    PLAINTIFF


v.                                    CASE NO.        13-2014


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision

of the Commissioner of Social Security Administration (Commissioner) denying his claim for a

period of disability and disability insurance benefits (DIB) and supplemental security income

("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*


**I.  Procedural Background:**

The plaintiff filed an applications for DIB and SSI on April 24, 2006 , alleging an onset

date of December 10, 2001 due to plaintiff's arthritis in her back, hands, and shoulder, and her

depression.  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then

requested an administrative hearing, which was held on October 22, 2009.  Plaintiff was present

and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael
J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 54 years of age and possessed a GED.  The Plaintiff  had past relevant work ("PRW") experience as a housekeeper and waitress. (T. 167).

On April 22, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's osteoarthritis and mood disorder did not meet or equal any Appendix 1 listing. T. 31.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work with additional restrictions.  T. 32.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  housekeeper, machine tender, and small products assembler.  T. 36.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A.  Residual Functional Capacity:

 RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained

work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§

404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all

relevant evidence in the record. *Id*. This includes medical records, observations of treating

physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v.*

*Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th

Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the

assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth

Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v.*

*Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a

claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering

medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245

F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent

[claimant] is arguing that residual functional capacity may be proved only by medical evidence,

we disagree."). Even though the RFC assessment draws from medical sources for support, it is

ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§

416.927(e)(2), 416.946 (2006).

### 1.  Development of the Record:

The Plaintiff contends the ALJ failed to properly develop the record.  (ECF No.12, p. 6).

The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935,

938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of

disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd*

*v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th

Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d

828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only

to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir.

1995) ("reversal due to failure to develop the record is only warranted where such failure is

unfair or prejudicial").

It is incumbent upon the ALJ to establish by medical evidence that the claimant has the

requisite RFC.  If a treating physician has not issued an opinion which can be adequately related

to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as

to clarify the record.  *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984). In this case no

PRFC Assessments was obtained from the Plaintiff's treating physician.

## 2.  RFC Determination

The ALJ determined the Plaintiff had the Residual Functional Capacity to " lift and carry

20 pounds occasionally and 10 pounds frequently. She can sit for about 6 hours during an

eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. She

can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can frequently handle and

finger. She can understand, remember, and carry out simple, routine, and repetitive tasks. She can

respond appropriately to supervisors, co-workers, and usual work situations, but can have

only occasional contact with the general public." ( T. 32).

The ALJ's determination that the Plaintiff could "frequently handle and finger" seems to

be based upon the PRFC assessment provided by a non-examining consultive physician, Dr.

Jerry Thomas in December 2008. Under Manipulative Limitations Dr. Thomas stated that there

were "none established". (T. 240).  The day before Dr. Thomas provided his opinion the Plaintiff

was seen and evaluated by Dr. Stanley Reyenga who found that the Plaintiff only had 75% grip

strength in the right hand and 90% grip strength in her left. (T. 235). X-rays of the Plaintiff's

hands taken in 2008 showed moderate arthritis and would confirm Dr. Reyenga's opinion. (T.

288,289).   It does not appear, however,  that Dr. Thomas had access to this report by Dr.

Reyenga. (T. 243, 244).

The Eighth Circuit has held that, "The opinion of a consulting physician who examines a

claimant once ... does not generally constitute substantial evidence." *Kelley v. Callahan*, 133

F.3d 583, 589 (8th Cir.1998). *See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999)

(stating that the opinion of a consultative physician does not generally satisfy the substantial

evidence requirement).

The Plaintiff's arthritis in both hands is confirmed also by her treating physicians.  In

February he noted "deformity of the distal joints" (T. 304)  and in March 2009 his physical

findings noted that she had some "hypertrophic changes of the distal IP joints as well as

tenderness of her knees. Her main tenderness is in the proximal metacarpal of both thumb".  (T.

304). The Plaintiff underwent medication and injection by her treating physician but neither

provided sustained relief.

The ALJ did not seek any Physical RFC assessment from any of the Plaintiff's treating

physicians and, as noted above, it does not appear that the non-examining consultive physician

even had access to the medical notes of the consultive physical exam.   "There is no bright line

test for determining when the [Secretary] has ... failed to develop the record. The determination

in each case must be made on a case by case basis." *Lashley v. Secretary of Health & Human Serv*., 708 F.2d 1048, 1052 (6th Cir.1983). *Battles v. Shalala* 36 F.3d 43, 44 -45 (C.A.8 (Ark.),1994). In this case the court believes that remand is necessary to allow the ALJ to obtain a Physical RFC Assessment from the Plaintiff's treating physician or such other consultive evaluation that properly considers the physical findings.

## B. Vocational Expert Testimony

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994). A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments. *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The VE testified specifically that if the Plaintiff could only occasionally handle and finger that all of the jobs he identified would be eliminated. (T. 62). This opinion, again, points to the necessity of fully and fairly developing the record because the ALJ's opinion is based upon the finding that the Plaintiff had no limitations in her ability to handle and finger.

## IV. Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration.


Dated  this November 12, 2013.



/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE